IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Transportation One, LLC | ) |
| | ) |
|                 Plaintiff, | ) |
| | ) |
| v. | )   Court No.: |
| | ) |
| LM Insurance Corporation | ) |
| | ) |
|                 Defendant. | ) |
| | ) |
| | ) |

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff, Transportation One, LLC, by and through its undersigned attorneys, complaining of Defendant LM Insurance Corporation as set forth herein, seeks a declaratory judgment from this Honorable Court as set forth below.

**PARTIES, JURISDICTION AND VENUE**

1. This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Federal Rule of Civil Procedure, Rule 57, for the purposes of determining a question of actual controversy between the parties as hereinafter more fully appears.

2. Plaintiff, Transportation One, LLC ("Transportation One") is a limited liability company organized under the laws of State of Illinois, with its principal place of business located in the State of Illinois.

3. Transportation One's sole members are citizens and residents of the State of Illinois.

1

4. Defendant LM Insurance Corporation ("Liberty Mutual") is a corporation organized under the laws of the State of Massachusetts with its principal place of business located in the State of Wisconsin.

5. Jurisdiction is proper in this Court, pursuant to 28 U.S.C. § 1332, because the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interests and costs.

6. This Honorable Court has jurisdiction over the subject matter of this dispute. *See, e.g. CAT Express, Inc. v. Muriel*, 148 N.E.3d 726 (Ill. App. Ct. 2019); *Prate Roofing & Installations, LLC v. Liberty Mutual Ins. Corp.*, 2021 Ill. App. Unpub. LEXIS 325, C.A. No. 1-19-1842 (Ill. App. Ct. Mar. 5, 2021).

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

**FACTUAL BACKGROUND**

8. Transportation One is a federally licensed and regulated interstate freight broker of property, having been assigned freight broker authority by the Federal Motor Carrier Safety Administration ("FMCSA") under USDOT No. 2245495 and MC No. 702342.

9. Transportation One is not now nor has it ever been licensed as an interstate or intrastate motor carrier of property with the FMCSA or any equivalent state agency.

10. Transportation One, consistent with federal and state regulations applicable to freight brokers of property, merely arranges for the transportation of property/freight belonging to Transportation One's customers (i.e. freight brokering), said physical transportation of the

2

property/freight to be performed by licensed and regulated interstate or intrastate motor carriers of property.

11. Transportation One never takes physical possession of the property/freight of its customers.

12. Transportation One never represents to its customers it will be serving as the motor carrier transporting the freight/property of its customers.

13. Transportation One only exerts that level of control over the licensed and regulated motor carriers transporting the property/freight of Transportation One's customers as is common and ordinary in the field of third-party logistics and as is permitted by the applicable federal and state statutes and regulations governing operations of interstate and/or intrastate freight brokers of property.

14. In connection with its operations, including brokering freight/property belonging to its customers to licensed motor carriers, Transportation One acts only in the capacity as a federally-regulated and licensed interstate freight broker of property.

15. In connection with its operations, including brokering freight/property belonging to its customers to licensed motor carriers, Transportation One acts wholly in compliance with state and federal regulations applicable to licensed freight brokers of property.

16. Transportation One sought and obtained workers' compensation insurance through the Illinois Assigned Risk Program. Liberty Mutual was assigned as Transportation One's workers' compensation insurance carrier and issued an initial policy, Policy No. WC5-39S-715491-019, with effective dates of February 15, 2019 through February 15, 2020 (the "2019 Policy"). Liberty Mutual thereafter issued a renewal policy to Transportation One, Policy No. WC5-39S-715491-010, with effective dates of February 15, 2020 through February 15, 2021 (the

"2020 Policy"). The 2019 Policy and the 2020 Policy are collectively referred to hereinafter as the "Subject Policies." The true and correct copies of Liberty Mutual policies of insurance are attached hereto as Exhibits "A" and "B."

17. At the conclusion of the term of the Subject Policies, Liberty Mutual performed an audit of Transportation One's operations as provided for under the applicable National Council on Compensation Insurance ("NCCI") guidelines and the provisions of the Subject Policies.

18. As a result of the audits of the Subject Policies, Liberty Mutual maintains certain motor carriers of property to whom Transportation One brokered freight shipments on behalf of Transportation One's customers during the policy terms of the Subject Policies did not maintain workers' compensation insurance as required by Illinois law (hereinafter the "uninsured motor carriers").

19. Liberty Mutual maintains Transportation One is the common law or statutory employer of the employees/drivers/contractors of the uninsured motor carriers, and as a result has assessed additional workers' compensation premium against Transportation One under the Subject Policies in an amount, exclusive of interests and costs, exceeding Seventy-Five Thousand and No/100 Dollars ($75,000.00).

20. Transportation One maintains under the applicable common law, statutory, and regulatory authorities it is not the common law or statutory employer of the employees/drivers/contractors of the uninsured motor carriers and therefore is not liable to Liberty Mutual for the additional assessed premiums under the Subject Policies.

21. The sole issue in dispute between Transportation One and Liberty Mutual with respect to the audits of the Subject Policies is the employment status of the employees/drivers/contractors of the uninsured motor carriers and whether said employment status

4

creates any workers' compensation exposure under the Subject Policies entitling Liberty Mutual to assess any additional workers' compensation premiums against Transportation One pursuant to the Subject Policies.

22. Transportation One has exhausted its administrative remedies in connection with Liberty Mutual's audits of the Subject Policies and with respect to the disputed additional assessed premiums Liberty Mutual claims is owed in connection with the Subject Policies and therefore this matter is ripe for adjudication by this Honorable Court.

### FOR A FIRST CAUSE OF ACTION
**(Declaratory Relief)**

23. Transportation One restates the foregoing allegations of the Complaint not inconsistent herewith and incorporates the same herein by reference.

24. Under the applicable common law and statutory authorities, Transportation One is not and cannot be held to be the common law or statutory employer of the employees/drivers/contractors of the uninsured motor carriers.

25. Transportation One is not the common law or statutory employer of the employees/drivers/contractors of the uninsured motor carriers.

26. Insofar as Transportation One is not the common law or statutory employer of the employees/drivers/contractors of the uninsured motor carriers, Liberty Mutual incurred no additional workers' compensation risk or exposure under the Subject Policies for work-related injuries to the employees/drivers/contractors of the uninsured motor carriers.

27. Insofar as Liberty Mutual incurred no additional workers' compensation risk or exposure under the Subject Policies for work-related injuries to the employees/drivers/contractors of the uninsured motor carriers, Liberty Mutual is not entitled to assess additional premiums against Transportation One under the Subject Policies.

28. Transportation One does not owe Liberty Mutual any of the alleged, but disputed, additional premiums Liberty Mutual has assessed against Transportation One as a result of the audits of the Subject Policies.

29. Liberty Mutual's attempted reclassification of the employees/drivers/contractors of the uninsured motor carriers as statutory or common law employees of Transportation One, a federally licensed and regulated interstate freight broker, is inconsistent with and preempted by the Federal Aviation Administration Authorization Act of 1994 ("FAAAA") and authorities interpreting the FAAAA.

WHEREFORE, Transportation One having fully complained against Liberty Mutual as set forth hereinabove, is entitled to an Order holding:

i. Transportation One is not the common law or statutory employer of the employees/drivers/contractors of the uninsured motor carriers;

ii. Transportation One does not owe Liberty Mutual any additional workers' compensation premium under the Subject Policies as a result of workers' compensation risk or exposure for work-related injuries to the employees/drivers/contractors of the uninsured motor carriers;

iii. Transportation One does not owe Liberty Mutual the additional assessed premiums alleged by Liberty Mutual as a result of the audits of the Subject Policies; and

iv. Liberty Mutual's attempted imposition of additional workers' compensation premiums under the Subject Policies is preempted by the FAAAA.

Respectfully submitted,

TRANSPORTATION ONE, LLC,
Plaintiff,

By:     */s/ Jason Orleans*
_____

One of Its Attorneys


Jason Orleans (ARDC #6258048)
jorleans@ocnlaw.com
ORLEANS CANTY NOVY, LLC
65 E. Wacker Place, Suite 1220
Chicago, IL 60085
Telephone: (847) 625-8200
Facsimile:  (847) 625-8262


Robert "Rocky" C. Rogers
Rob Moseley
Moseley Marcinak Law Group LLP
PO Box 26148
Greenville, S.C. 29616
rocky.rogers@momarlaw.com
rob.moseley@momarlaw.com